**William CZYGAN, and Peter Bowman, Plaintiffs-Appellants,**

v.

**The INSTITUTE OF EVOLUTIONARY PSYCHOLOGY, Defendant-Appellee.**

No. 13, Docket 23005.

United States Court of Appeals Second Circuit.

Argued Oct. 13, 1954.

Decided Nov. 5, 1954.

John P. Knox, Greenwich, Conn., William L. Beers, New Haven, Conn., for plaintiffs-appellants.

Durey, Pierson, Ward & Pringle, Stamford, Conn., for defendant-appellee.

Before CHASE, MEDINA and HARLAN, Circuit Judges.

## PER CURIAM.

The complaint alleged that the appellants were induced by the fraudulent misrepresentations of the appellee to buy from it certain real estate in Greenwich, Conn., pursuant to the terms of a written contract and to make a down payment on the purchase price. Judgment for the resulting damages was sought and the complaint was, without objection, treated at the trial as broad enough to include a claim, based on misrepresentations mistakenly made, for the rescission of the contract and the restoration of the down payment.

The comprehensive findings which the trial judge made on substantial supporting evidence show that the only representations for which the appellee could possibly be liable were made by Dr. Rogers. The appellants, who were looking for a piece of real estate suitable for industrial development, called upon him to help them find one. He was then temporarily connected with a real estate agency with which the property involved in this suit had formerly been listed for sale and, upon inquiry of the appellee's president, learned that it was still for sale. Thereafter the services he performed were those of a real estate broker in the negotiations which resulted in its purchase by the appellants.

There was no evidence to show that Dr. Rogers was specifically authorized by the appellee to make any representations concerning the condition or nature of the property, but he did show it to the appellants and did make some representations which, upon independent investigation before they signed the contract in suit, they discovered to be inaccurate.

■■ It is clearly apparent from the findings that no material misrepresentations were made by Dr. Rogers which were relied upon by the appellants in making the purchase. Moreover, absent proof that the appellee had specifically authorized him to make representations in its behalf while serving as a real estate broker in the negotiations, or proof of its adoption and ratification of those he did make, his representations were not binding upon the appellee. Politziner v. Vanetch, 101 Conn. 265, 125 A. 630.

Judgment affirmed.